## 2001 ME 66

### Bonnie G. DeMERCHANT

v.

### Gary D. DeMERCHANT.

Supreme Judicial Court of Maine.

Argued April 11, 2001.
Decided April 30, 2001.

Richard L. Currier (orally), Currier & Trask, Presque Isle, for plaintiff.

E. Allen Hunter (orally), Solman & Hunter, Caribou, for defendant.

Panel: CLIFFORD,* RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Gary D. DeMerchant appeals and Bonnie G. DeMerchant cross-appeals from a divorce judgment entered in Superior Court (Aroostook County, *Gorman,* J.). Mr. DeMerchant contends the trial court

---

* Although not available at oral argument, Justice Clifford participated in this opinion. *See* M.R.App. P. 12(a) ("A qualified justice may participate in a decision even though not present at oral argument.").

erred by: (1) declaring the securities held by Key Trust Company of Maine in a custodial account to be marital property, (2) refusing to apply 19–A M.R.S.A. § 953(2)(E) (1998 & Supp.2000), (3) relying on alimony factors when dividing marital property, and (4) assigning to him the obligation to repay one-half of a loan incurred by Mrs. DeMerchant on behalf of an adult child of the parties. Mrs. DeMerchant asserts that the trial court erred by ordering a reduction in her spousal support award over time. Finding an error of law, we vacate the judgment of the trial court.

[¶ 2] The complaint for divorce in this matter was filed on August 27, 1999, and the court issued its judgment on September 14, 2000. In the interim, the Legislature enacted a significant amendment to 19–A M.R.S.A. § 953(2), addressing the treatment of the increase in value during the marriage of nonmarital property. Because the parties and the court understood the Legislature to have been silent on the applicability of the new law to the pending action, the court concluded that the amendments to section 953(2) did not apply to the DeMerchants' dispute.[1]

[¶ 3] Contrary to the understanding of the parties however, the Legislature did explicitly provide for the immediate applicability of the amendment through an Act to Correct Errors and Inconsistencies.[2] That Act, P.L.1999, ch. 790, § I, expressly provided for an effective date of August 11, 2000, for P.L.1999, ch. 665, § I (amending 19–A M.R.S.A. § 953(2)(E)). *See* P.L. 1999, ch. 790, § I (effective August 11, 2000). Thus, the court was required to apply the changes to section 953(2) to the analysis of the DeMerchants' property disputes.[3]

---

**1.** *See* 1 M.R.S.A. § 302 (1989 & Supp.2000) (providing that pending proceedings are not affected by statutory amendments).

**2.** "Notwithstanding the Maine Revised Statutes, Title 1, section 302, this Act applies to all marital property determinations made pursuant to Title 19–A, section 953 on or after the effective date of this Act." P.L.1999, ch. 790, § I–1 (subsection of the Act entitled, "An Act to Correct Errors and Inconsistencies in the Laws of Maine").

**3.** As amended, section 953(2) reads as follows:

> **2. Definition.** For purposes of this section, "marital property" means all property acquired by either spouse subsequent to the marriage, except:
> **A.** Property acquired by gift, bequest, devise or descent;
> **B.** Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent;
> **C.** Property acquired by a spouse after a decree of legal separation;
> **D.** Property excluded by valid agreement of the parties; and

> **E.** The increase in value of property acquired prior to the marriage and the increase in the value of a spouse's nonmarital property as defined in paragraphs A to D.
> (1) "Increase in value" includes:
> (a) Appreciation resulting from market forces; and
> (b) Appreciation resulting from reinvested income and capital gain unless either or both spouses had a substantial active role during the marriage in managing, preserving or improving the property.
> (2) "Increase in value" does not include:
> (a) Appreciation resulting from the investment of marital funds or property in the nonmarital property;
> (b) Appreciation resulting from marital labor; and
> (c) Appreciation resulting from reinvested income and capital gain if either or both spouses had a substantial active role during the marriage in managing, preserving or improving the property.

19–A M.R.S.A. § 953(2) (1998 & Supp.2000). Prior to August 11, 2000, subsection 2(E) excluded from the definition of marital property, "[t]he increase in value of property acquired prior to the marriage." 19–A M.R.S.A. § 953(2)(E) (1998).

[¶ 4] Because the trial court did not apply 19–A M.R.S.A. § 953(2)(E) to this case, the matter was tried under a basic misunderstanding of the applicable law. Consequently, we vacate the judgment and remand the case to the trial court for a new hearing, allowing the parties to present evidence in light of the applicable statute and allowing the court to undertake a fresh analysis regarding the division of marital property, the assignment of the responsibility for the parties' debt, and the award of spousal support.

The entry is:

Judgment vacated. Remand to the Superior Court for further proceedings consistent with this opinion.